MR. CARL MATTHEWS v. JOHNSON PUBLISHING CO., INC.

No. 8721SC590

(Filed 5 April 1988)

**Libel and Slander § 14; Negligence § 22; Trespass § 2— sit-in movement—failure to include defendant's contributions in magazine—complaint insufficient to state claim**

    Plaintiff's complaint alleging that defendant publishing company intentionally and negligently failed to include anything about plaintiff's contributions to the sit-in movement of the 1960s in any issues of Ebony magazine published since February 1960 or in its November 1985 Fortieth Anniversary Issue was properly dismissed for failure to state a claim for relief since (1) any claims based on defendant's acts which occurred as early as 1960 are time barred, and (2) plaintiff's allegations relating to the Fortieth Anniversary Issue were insufficient to state claims for intentional infliction of emotional distress, product liability, libel or conspiracy.

APPEAL by plaintiff from *Seay, Thomas W., Judge.* Judgment entered 10 June 1986. Heard in the Court of Appeals 3 December 1987.

*Dr. G. Ray Motsinger, for plaintiff-appellant.*

*West, Wood, James & Banks, by Phillip S. Banks, III, and Johnson, Toal & Batiste, by I. S. Leevy Johnson, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff commenced this civil action on 10 February 1986 alleging that defendant corporation intentionally and negligently failed to include plaintiff and his contributions to the sit-in movement of the 1960's in any of the issues of its publication, Ebony Magazine, published since February 1960, nor in its November 1985 Fortieth Anniversary Issue. The complaint further alleged that defendant was a member of a conspiracy which included the National Association for the Advancement of Colored People (NAACP), and the mayors and Board of Aldermen of Winston-Salem, North Carolina, serving between 25 May 1960 and February 1986, which conspired "to suppress [p]laintiff's contributions and successes and to otherwise prevent him from receiving due recognition" for the successes of the sit-in movement of the 1960's. Plaintiff further alleged that defendant's "negligent and conspiratorial conduct" caused him severe emotional distress, humiliation, depression and physical harm, as well as a loss of earnings and other compensations.

In response to the complaint, defendant filed a motion to dismiss on 18 April 1986, pursuant to G.S. 1A-1, Rule 12(b)(6), contending that plaintiff had failed to state a claim upon which relief could be granted. The matter came on for hearing on 2 June 1986 and defendant's motion to dismiss was allowed. From the order dismissing this action with prejudice plaintiff appeals.

By this appeal plaintiff has asked this Court to consider whether the trial court erred in dismissing the complaint pursuant to G.S. 1A-1, Rule 12(b)(6).

It is a familiar rule of law that when considering a 12(b)(6) motion to dismiss, the court must treat the allegations of the complaint as true, and determine whether they are sufficient to establish a claim under some recognized legal theory. *Harris v. NCNB Nat'l Bank,* 85 N.C. App. 669, 355 S.E. 2d 838 (1987). The complaint must provide sufficient notice of the circumstances under

which the claim arises and make allegations which adequately satisfy the substantive elements of a valid claim. *Fox v. Wilson*, 85 N.C. App. 292, 354 S.E. 2d 737 (1987).

Applying these principles to the case *sub judice*, we are faced with no other possible alternative except to affirm the trial court's order dismissing the action.

We note at the outset that plaintiff is attempting to recover for acts of defendant which occurred as early as 1960. It is clear to us that any claims plaintiff has brought forward for libel, intentional infliction of emotional distress, conspiracy, or product liability based upon these actions are time-barred. *See* G.S. 1-46-56. The remainder of the discussion, however, is limited to plaintiff's claims which arose from having been omitted from the February 1985 Fortieth Anniversary Issue of defendant's magazine.

Plaintiff bases his entire claim upon the assertion that defendant failed to publish anything about his contribution to the sit-in movement in its publication, Ebony Magazine. He particularly objects to not having been included in the November 1985, Fortieth Anniversary Issue. He alleges that this action, or rather inaction, rose to the level of establishing an actionable claim grounded in negligence, and proceeds under the theories of intentional infliction of emotional distress, product liability, and also alludes to libel. His remaining theory of the case is that defendant was engaged in a conspiracy intended to deprive him of public recognition. Plaintiff has failed to present any facts which would allow him to proceed further under those or any other recognized legal theory.

In order to establish a cause of action for intentional infliction of emotional distress, plaintiff must allege that defendant committed: (1) an extreme or outrageous act, (2) which was intended to cause and resulted in, (3) severe emotional disturbance in another person. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981). We have before us no such act.

It is also quite clear to us that defendant's publication, Ebony Magazine, does not constitute the type of product contemplated by G.S. 99B, otherwise known as the North Carolina Product Liability Act. G.S. 99B-1(3) specifically provides that a " '[p]roduct

liability action' includes any action brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design formulation, . . . or labeling of any product." Although novel, plaintiff's theory is untenable.

The libel theory, which was never clearly specified as such, similarly fails due to the absence of any writing or picture published by the defendant which referred to the plaintiff in any manner whatsoever. The establishment of any claim for libel must necessarily begin with a "publication by writing, printing, signs or pictures . . ." *Renwick v. The News and Observer and Renwick v. Greensboro News*, 310 N.C. 312, 317, 312 S.E. 2d 405, 409 (1984); *see also* 53 C.J.S. *Libel and Slander; Injurious Falsehood* secs. 1-9 (1987). It is undisputed that defendant published no words or pictures relating to the plaintiff. In fact, the absence of any reference is precisely what the plaintiff has emphasized.

Lastly, plaintiff failed to allege any specific facts which when considered could establish a cause of action for conspiracy. We agree with defendant that at most plaintiff merely showed that the alleged members of the conspiracy "engaged in *unconscious and unknowing parallel conduct* [in] not participating in activity to cause [plaintiff] to receive some form of public recognition." We simply have no facts before us which would even suggest common purpose or concerted activity. Therefore, the trial court's order is

Affirmed.

Judges ARNOLD and ORR concur.