ANTHONY DOVE, Plaintiff v. NICHOLAUS HARVEY, (CORRECT: "Nicholas E. Harvey, Sr."), Defendant

No. COA04-477

(Filed 1 March 2005)

1. **Attorneys; Conspiracy; Negligence— legal malpractice— civil conspiracy—breach of fiduciary duty—negligence— gross negligence**

The trial court did not err by dismissing plaintiff's complaint for civil conspiracy, breach of fiduciary duty, negligence, and gross negligence against his court-appointed criminal attorney pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6), because: (1) in regard to the civil conspiracy claim, there is no separate civil action for civil conspiracy in North Carolina, plaintiff failed to allege that there was an agreement between the prosecutor and his defense counsel to have defense counsel present a less than zealous defense to the jury, and plaintiff did not allege defendant's actions

caused plaintiff damages or that a different outcome would have occurred but for the civil conspiracy, breach of fiduciary duty, negligence, and gross negligence; (2) in regard to the breach of fiduciary duty claim, the only possible damage was plaintiff's conviction for first-degree murder but plaintiff has not alleged defendant's actions caused his conviction; (3) in order for plaintiff to recover damages for defendant's alleged negligence or legal malpractice, he must establish defendant's actions proximately caused him damages, and plaintiff neither alleged any damages nor did he plead actual innocence in his complaint; and (4) as plaintiff did not properly plead a claim for negligence, his claim for gross negligence was also properly dismissed.

**2. Discovery— failure to allow—dismissal of case for failure to state a claim**

The trial court did not violate plaintiff's due process rights by precluding him from obtaining discovery, because: (1) the parties' dispute was resolved by the trial court's dismissal for failure to state a claim upon which relief can be granted; and (2) as a result, the parties did not have to prepare for a trial and the need to clarify or narrow issues was obviated.

Appeal by plaintiff from an order entered 12 January 2004 by Judge Russell J. Lanier, Jr. in Lenoir County Superior Court. Heard in the Court of Appeals 1 December 2004.

*Anthony Dove, plaintiff-appellant, pro se.*

*Wallace, Morris, Barwick, Landis, Braswell & Stroud, P.A., by Thomas H. Morris and Kimberly A. Connor, for defendant-appellee.*

HUNTER, Judge.

Anthony Dove ("plaintiff") presents the following issues for our consideration: (I) Did the trial court erroneously dismiss his complaint against his criminal trial attorney pursuant to N.C.R. Civ. P. 12(b)(6), and (II) did the trial court violate plaintiff's due process rights by precluding plaintiff from obtaining discovery. After careful review, we affirm the order below.

In October 1999, Nicholaus Harvey ("defendant") was court appointed to represent plaintiff in a first degree murder case in which the State was seeking the death penalty. Plaintiff was convicted of

**DOVE v. HARVEY**

[168 N.C. App. 687 (2005)]

first degree murder, sentenced to life imprisonment, and his conviction and sentence was affirmed by this Court in 2002. *See State v. Dove*, 153 N.C. App. 524, 570 S.E.2d 153 (2002) (unpublished).

Plaintiff alleges that prior to trial he informed defendant that he did not want defendant's legal representation if he had been having an affair with a particular married woman. According to plaintiff's complaint, defendant had been assaulted by the married woman's husband. This was of concern to plaintiff because the State contended plaintiff murdered his wife's boyfriend. Defendant denied the rumors and indicated he would zealously represent plaintiff.

Plaintiff contends defendant committed several errors during the trial in order to help secure his conviction. He contends defendant should have sought a special venire due to pretrial publicity, that defendant failed to adequately cross-examine key State witnesses, and that defendant failed to consult with plaintiff and defendant's co-counsel regarding trial strategy.

After the trial, plaintiff alleges he became aware of an affair between defendant and the assistant district attorney prosecuting his case. He alleges defendant's affair with the assistant district attorney caused defendant to intentionally seek plaintiff's conviction by not zealously representing plaintiff. Plaintiff also alleges defendant lied to plaintiff when he stated he was not having an affair with a married woman, who was not the assistant district attorney.

Based upon the alleged misrepresentations and defendant's conduct during trial, plaintiff filed a civil complaint against defendant on 22 September 2003. In his complaint, plaintiff brought a claim for civil conspiracy, breach of fiduciary duty, negligence, and gross negligence. Defendant moved to dismiss plaintiff's complaint, and on 12 January 2004, the trial court dismissed plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Plaintiff appeals.

A motion to dismiss for failure to state a claim upon which relief may be granted challenges the legal sufficiency of a pleading. *Considine v. Compass Grp. USA, Inc.*, 145 N.C. App. 314, 316-17, 551 S.E.2d 179, 181, *per curiam affirmed*, 354 N.C. 568, 557 S.E.2d 528 (2001). In ruling on a motion to dismiss under Rule 12(b)(6), a court must determine whether, taking all allegations in the complaint as true, relief may be granted under any recognized legal theory. *Taylor v. Taylor*, 143 N.C. App. 664, 668, 547 S.E.2d 161, 164 (2001). A complaint may be dismissed for failure to state a claim if no law

supports the claim, if sufficient facts to make out a good claim are absent, or if a fact is asserted that defeats the claim. *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 225, 517 S.E.2d 406, 413 (1999).

**[1]** Plaintiff seeks damages from his criminal trial attorney for acts and omissions that allegedly occurred during his capital first degree murder trial. According to plaintiff's allegations, defendant did not zealously represent plaintiff due to his alleged affair with the prosecuting attorney. Specifically, defendant did not adequately cross-examine the State's key witnesses, did not consult with co-counsel and plaintiff regarding key strategical decisions, and did not request a special venire. Thus, plaintiff brought claims of civil conspiracy, breach of fiduciary duty, negligence, and gross negligence against defendant.

We first note, however, that there is not a separate civil action for civil conspiracy in North Carolina. *See Shope v. Boyer*, 268 N.C. 401, 404-05, 150 S.E.2d 771, 773-74 (1966); *Fox v. Wilson*, 85 N.C. App. 292, 300, 354 S.E.2d 737, 742-43 (1987). Rather:

> "In civil conspiracy, recovery must be on the basis of sufficiently alleged wrongful overt acts. The charge of conspiracy itself does nothing more than associate the defendants together and perhaps liberalize the rules of evidence to the extent that under proper circumstances the acts and conduct of one might be admissible against all."

*Fox*, 85 N.C. App. at 301, 354 S.E.2d at 743 (citation omitted); *see also Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 416, 537 S.E.2d 248, 265 (2000) (citation omitted) (stating that "[i]n order to state a claim for civil conspiracy, 'a complaint must allege a conspiracy, wrongful acts done by certain of the alleged conspirators, and injury' "). In this case, plaintiff seeks damages for the alleged wrongful acts and omissions committed by defendant in furtherance of the conspiracy with the prosecutor. Plaintiff's claim for civil conspiracy fails and was properly dismissed for two reasons. First:

> A threshold requirement in any cause of action for damages caused by acts committed pursuant to a conspiracy must be the showing that a conspiracy in fact existed. The existence of a conspiracy requires proof of an agreement between two or more persons. Although civil liability for conspiracy may be established by circumstantial evidence, the evidence of the agreement must be

**DOVE v. HARVEY**

[168 N.C. App. 687 (2005)]

sufficient to create more than a suspicion or conjecture in order to justify submission to a jury.

*Henderson v. LeBauer*, 101 N.C. App. 255, 261, 399 S.E.2d 142, 145 (1991) (citations omitted). In this case, plaintiff alleges his defense attorney was having an affair with the assistant district attorney prosecuting his case. As a result, his defense counsel allegedly did not zealously represent plaintiff in order to help the prosecutor secure his conviction and advance her career. Plaintiff failed to allege, however, that there was an agreement between the prosecutor and his defense counsel to have defense counsel present a less than zealous defense to the jury. As such, the trial court properly dismissed plaintiff's claim for civil conspiracy.

Second, the trial court properly dismissed plaintiff's complaint for civil conspiracy because plaintiff did not allege defendant's actions caused plaintiff damages or that a different outcome would have occurred but for the civil conspiracy, breach of fiduciary duty, negligence, and gross negligence. As explained by our Supreme Court, a civil conspiracy is an action " 'for damages caused by acts committed pursuant to a formed conspiracy, rather than by the conspiracy itself; and unless something is actually done by one or more of the conspirators which results in damage, no civil action lies against anyone.' " *Henderson*, 101 N.C. App. at 260, 399 S.E.2d at 145 (citation omitted).

The underlying acts in this case were defendant's alleged breach of fiduciary duty, negligence, and gross negligence arising out of his acts and omissions occurring during plaintiff's first degree murder trial, for which plaintiff has brought separate claims.

Plaintiff alleged defendant breached a fiduciary duty owed to him by (1) intentionally withholding information regarding his affair with the prosecutor because the affair was a conflict of interest, and (2) willfully lying to plaintiff about an affair with a married woman because defendant was aware plaintiff did not want his representation if he was committing adultery. Even assuming these alleged actions constituted a breach of fiduciary duty by defendant, plaintiff did not allege defendant's actions caused plaintiff damage.

Certain torts require as an essential element that a plaintiff incur actual damage. *Piedmont Inst. of Pain Mgmt. v. Staton Found.*, 157 N.C. App. 577, 589, 581 S.E.2d 68, 76 (2003). These torts include breach of fiduciary duty. *Id.* at 589-90, 581 S.E.2d at 76. On the facts

of this case, the only possible damage to plaintiff was his conviction for first degree murder. However, plaintiff has not alleged defendant's actions caused his conviction. Indeed, plaintiff's conviction was the result of his own criminal conduct. *See State v. Dove*, 153 N.C. App. 524, 570 S.E.2d 153 (unpublished) (describing how plaintiff obtained a gun, disguised himself as a police officer, stopped the victim's car by posing as a police officer, and shot the victim in the head). Accordingly, the trial court properly dismissed plaintiff's claim for breach of fiduciary duty.

Plaintiff also brought a claim for negligence. Specifically, plaintiff alleged "[a]ttorney Harvey's conduct, as listed throughout this complaint, was negligent with respects as an attorney-representing Plaintiff." Thus, plaintiff's negligence allegations were based upon defendant's acts or omissions during plaintiff's first degree murder trial. Essentially this was a claim for legal malpractice. In *Belk v. Cheshire*, 159 N.C. App. 325, 332, 583 S.E.2d 700, 706 (2003), this Court explained that in a criminal legal malpractice action, the plaintiff has a high burden of proof to show proximate causation. In *Belk*, this Court reviewed cases from other jurisdictions and determined several public policy reasons supported a stricter standard for criminal malpractice actions:

> (1) the criminal justice system affords individuals charged with crimes a panoply of protections against abuses of the system and wrongful conviction, including safeguards against incompetent and ineffective counsel; (2) a guilty defendant should not be allowed to profit from criminal behavior; and (3) the pool of legal representation available to criminal defendants, especially indigents, needs to be preserved.

*Id.* In many of these jurisdictions, a criminal defendant had to allege and prove his actual innocence in order to recover damages for criminal legal malpractice. *Id.* at 331-32, 583 S.E.2d at 705-06. In *Belk*, this Court declined "to adopt a 'bright-line' rule," but indicated that a higher burden of proof was required to prove proximate causation. *Id.* at 332, 583 S.E.2d at 706.

In order for plaintiff to recover damages for defendant's alleged negligence or legal malpractice, he must establish defendant's negligence or legal malpractice proximately caused him damages. Plaintiff neither alleged any damages nor did he plead actual innocence in his complaint. Furthermore, our review of the facts in his first degree murder case indicates the State presented a strong circumstantial

**DOVE v. HARVEY**

[168 N.C. App. 687 (2005)]

case from which the jury could determine plaintiff was guilty beyond a reasonable doubt. This evidence included (1) a handwritten list of tasks to be completed in order to commit and cover-up the murder, (2) proof that the handgun used had been purchased by plaintiff's girlfriend, (3) testimony that plaintiff had previously assaulted the murder victim and had threatened to kill the victim, (4) testimony that plaintiff had fired a gun at the victim's residence on two occasions, and (5) plaintiff's credit card receipts from a few days prior to the murder indicating plaintiff had purchased ammunition and other items used to facilitate the murder. *See State v. Dove*, 153 N.C. App. 524, 570 S.E.2d 153 (unpublished). Accordingly, the trial court properly dismissed plaintiff's claim for negligence. As plaintiff did not properly plead a claim for negligence, his claim for gross negligence was also properly dismissed. *See Toomer v. Garrett*, 155 N.C. App. 462, 482, 574 S.E.2d 76, 92 (2002) (indicating "a claim for gross negligence requires that plaintiff plead facts on each of the elements of negligence, including duty, causation, proximate cause, and damages").

[2] Finally, plaintiff contends the trial court violated his constitutional right to due process of law because the trial court dismissed his complaint without allowing plaintiff to obtain discovery. As explained in 23 Am. Jur. 2d *Depositions and Discovery* § 1 (2002) (footnotes omitted), "Generally; purpose of discovery":

> The purpose of discovery is to remove surprise from trial preparation and enable the parties to obtain evidence necessary to evaluate and resolve their dispute. . . .

> Discovery also is designed to aid a party in preparing and presenting his or her case or defense, and to enable the parties to narrow and clarify the basic issues between them. Discovery should expedite the disposition of the litigation, by educating the parties in advance of trial of the real value of their claims and defenses, which may encourage settlements.

*Id.* In this case, the parties' dispute was resolved by the trial court's dismissal for failure to state a claim upon which relief can be granted pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). As a result, the parties did not have to prepare for a trial and the need to clarify or narrow issues was obviated.

In sum, the trial court properly dismissed plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) for failure

to state a claim upon which relief can be granted. In the claims for breach of fiduciary duty, negligence, and gross negligence, plaintiff failed to allege proximate causation. Indeed, plaintiff's conviction was caused by his own criminal conduct. As such, the trial court properly dismissed plaintiff's claim for civil conspiracy because a plaintiff can only recover damages for the wrongful act resulting from the conspiracy. Moreover, plaintiff did not allege an agreement between defendant and the prosecutor existed. Finally, as the trial court properly dismissed the complaint, plaintiff was not entitled to seek discovery.

Affirmed.

Judges CALABRIA and LEVINSON concur.