DAVID M. ELLIOTT AND ELLIOTT AIR, INC., PLAINTIFFS v. LISA L. ELLIOTT, DIANE K.
NICHOLS, KAREN POWERS, AND DENNIS L. MORAN, DEFENDANTS

No. COA08-1493

(Filed 6 October 2009)

**1. Civil Procedure— Rule 60—excusable neglect—not notifying court of change of address—domestic abuse**

The trial court properly concluded that defendant Lisa Elliot's failure to notify the court of a change of address was excusable neglect under Rule 60(b)(1), and the trial court did not abuse its discretion by vacating a judgement against defendant, in light of plaintiff David Elliot's documented history of domestic abuse and plaintiffs' violation of Rule 5 in not serving requests for admissions and subsequent pleadings on all defendants.

**2. Conspiracy— civil—two allegations—prior partial summary judgment 12(b)(6) dismissal**

The trial court correctly granted defendants' Rule 12(b)(6) motion to dismiss a civil conspiracy claim where the conspiracy allegations were raised in two paragraphs of the complaint and a prior partial summary judgment for defendants had disposed of the first allegation, which contained the only factual allegation of conspiracy.

Appeal by plaintiffs from orders entered 12 August 2008 and 28 August 2008 by Judges Abraham Penn Jones and Cressie H. Thigpen, Jr., respectively, in Alamance County Superior Court. Heard in the Court of Appeals 20 May 2009.

*Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for plaintiff-appellants.*

*Adams & Winfree, by Charles H. Winfee, for defendant-appellees Lisa L. Elliott, Diane K. Nichols, and Karen Powers.*

STEELMAN, Judge.

Although plaintiffs' appeal is from two interlocutory orders, we grant plaintiffs' petition for writ of *certiorari* and reach the merits of the appeal. Where the trial court's findings of fact tended to show that plaintiff David Elliott had a documented history of domestic abuse against defendant Lisa Elliott and that plaintiffs violated Rule 5 of the

Rules of Civil Procedure by failing to serve the requests for admissions and subsequent pleadings on all defendants, the trial court properly concluded that Lisa Elliott's failure to notify the court of her change of address constituted excusable neglect under Rule 60(b)(1). Where plaintiffs failed to sufficiently allege a claim of civil conspiracy against defendants Diane Nichols and Karen Powers, the trial court properly dismissed that claim pursuant to Rule 12(b)(6).

## I.  Factual and Procedural Background

Plaintiff David Elliott (David) and defendant Lisa Elliott (Lisa) were formerly husband and wife and were divorced on 11 September 2006, following the parties' separation in 2005. During the marriage, Lisa at times acted as office manager, bookkeeper, and manager of accounts payable and receivable for plaintiff Elliott Air, Inc. (EAI). On 28 June 2005, David was arrested and charged with assault on a female and communicating threats against Lisa. On or around that date, Lisa's involvement with EAI ended. Lisa contends that she was never "employed" by EAI or David, but was a co-owner of EAI, owning 51% of the corporation.

David has a history of abusing and harassing Lisa. Between June 2005 and September 2007, David was convicted of assault on a female against Lisa, communicating threats against her, and violating a domestic violence protective order by communicating threats against Lisa's mother and co-defendant Karen Powers (Powers). As a result of these convictions, David was incarcerated for 75 days.

On 11 July 2007, plaintiffs filed a complaint alleging: (1) breach of fiduciary duty to EAI against Lisa; (2) conversion from EAI by Lisa; (3) conversion from David by Lisa; (4) fraud against David by Lisa; (5) fraud against EAI by all defendants; (6) conspiracy against EAI by all defendants; and (7) punitive damages. In addition to Lisa and Powers, the other named defendants in this case include Diane Nichols (Nichols), Lisa's sister, and Dennis Moran, who is not a party to this appeal.

On 29 August 2007, Lisa filed her answer, *pro se*, showing her address to be the former marital home in Browns Summit, North Carolina. On or around 15 September 2007, Lisa moved to Virginia and did not inform the court, plaintiffs, or plaintiffs' attorney of her new address. On 21 December 2007, plaintiffs served requests for admissions on Lisa at the address shown in her answer. Lisa did not receive plaintiffs' requests for admissions, nor was it served on

**ELLIOTT v. ELLIOTT**

[200 N.C. App. 259 (2009)]

any of the other defendants in this case. After she failed to make a timely response to the requests for admissions, the matters were deemed admitted, and summary judgment was entered against her in the amount of $555,000.00 on 17 March 2008. On 5 August 2008, Lisa filed a motion to set aside the judgment and to be allowed to respond to the requests for admissions pursuant to Rule 60(b) of the Rules of Civil Procedure. On 28 August 2008, Judge Thigpen granted Lisa's motion.

On 20 September 2007, Nichols and Powers filed a separate answer to plaintiffs' complaint and a motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. Nichols and Powers later filed a motion for summary judgment as to all of plaintiffs' claims. On 24 July 2008, prior to ruling on Nichols and Powers' motion to dismiss, Judge Jones granted partial summary judgment in favor of Nichols and Powers, holding that two checks in the amount of $10,000.00 and $44,000.00 were the proceeds from a sale of Powers' real property and that plaintiffs had no claim at law or in equity on those funds or the real property that was located on 303 Rosemont Street, Gibsonville, North Carolina.[1] The order also stated that "[t]he parties may submit briefs by July 24, 2008 on the issue of whether the conspiracy count should be dismissed. On 29 July 2008, Judge Jones granted the motion to dismiss plaintiffs' civil conspiracy claim against Nichols and Powers based upon his partial summary judgment order. This order was revised on 12 August 2008 to include a Rule 54(b) certification. Plaintiffs appeal Judge Thigpen's order setting aside the judgment and Judge Jones' order dismissing plaintiffs' civil conspiracy claim.

## II.  Rule 60(b) Order

[1] In their first argument, plaintiffs contend that the trial court erred by concluding that Lisa's actions constituted "excusable neglect" pursuant to Rule 60(b)(1) and entering an order vacating the judgment. We disagree.

### A.  Standard of Review

This Court has stated:

The decision whether to set aside a default judgment under Rule 60(b) is left to the sound discretion of the trial judge, and

---

1. The basis of plaintiffs' civil conspiracy claim against Nichols and Powers was that they had used money improperly taken from EAI to purchase the property located on 303 Rosemont Street.

**ELLIOTT v. ELLIOTT**

[200 N.C. App. 259 (2009)]

will not be overturned on appeal absent a clear showing of abuse of discretion.

> Whether neglect is "excusable" or "inexcusable" is a question of law . . . . The trial judge's conclusion in this regard will not be disturbed on appeal if competent evidence supports the judge's findings, and those findings support the conclusion.

*JMM Plumbing & Utils., Inc. v. Basnight Constr. Co.*, 169 N.C. App. 199, 202, 609 S.E.2d 487, 490 (2005) (internal citations omitted).

### B. Analysis

Rule 60(b) of the North Carolina Rules of Civil Procedure provides, in relevant part, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . excusable neglect . . . ." N.C. Gen. Stat. 1A-1, Rule 60(b)(1) (2007). "To set aside a judgment on the grounds of excusable neglect under Rule 60(b), the moving party must show that the judgment rendered against him was due to his excusable neglect and that he has a meritorious defense." *Scoggins v. Jacobs*, 169 N.C. App. 411, 413, 610 S.E.2d 428, 431 (2005) (quotation omitted).

> While there is no clear dividing line as to what falls within the confines of excusable neglect as grounds for the setting aside of a judgment, what constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case.

*McIntosh v. McIntosh*, 184 N.C. App. 697, 705, 646 S.E.2d 820, 825 (2007) (quotation omitted). Further, this Court has stated that:

> provisions relating to the setting aside of default judgments should be liberally construed so as to give litigants an opportunity to have the case disposed of on the merits to the end that justice be done. *Any doubt should be resolved in favor of setting aside defaults so that the merits of the action may be reached.* However, statutory provisions designed to protect plaintiffs from defendants who do not give reasonable attention to important business affairs such as lawsuits cannot be ignored.

*Howard v. Williams*, 40 N.C. App. 575, 580, 253 S.E.2d 571, 573-74 (1979) (citations omitted) (emphasis added). This Court has upheld a trial court's denial of a party's motion for relief from judgment under Rule 60(b)(1) based upon the party's failure to inform the court of a

ELLIOTT v. ELLIOTT

[200 N.C. App. 259 (2009)]

change of address and subsequent failure to appear. *See, e.g., Smith ex. rel. Strickland v. Jones,* —— N.C. App. ——, 645 S.E.2d 198 (2007); *PYA/Monarch, Inc. v. Ray Lackey Enterprises,* 96 N.C. App. 225, 385 S.E.2d 170 (1989); *Equipment Co. v. Albertson,* 35 N.C. App. 144, 240 S.E.2d 499 (1978). However, the facts recited in those cases do not reveal the extenuating circumstances present in the instant case.

A close examination of the facts found by the trial court, which are supported by competent evidence in the record, supports its conclusion that Lisa's actions constituted excusable neglect. Lisa did not inform the court, plaintiffs, nor plaintiffs' attorney of her new address in Virginia out of fear of continuing harassment and abuse by David. Plaintiffs mailed the requests for admissions, and other subsequent pleadings including plaintiffs' notice that the requested admissions stand as admitted, motion for summary judgment, and notice of hearing to the Browns Summit address. (R. 292). These documents were not served on any other party or counsel in the case in violation of Rule 5 of the Rules of Civil Procedure. *See* N.C. Gen. Stat. § 1A-1, Rule 5(a) (2007) ("[E]very paper relating to discovery . . ., every written motion other than one which may be heard ex parte, and every written notice, . . . shall be served upon each of the parties[.]").

In its order, the trial court also made the following unchallenged finding of fact: "15. Both by her filed Answer and testimony before this Court, Defendant Lisa Elliott has demonstrated a meritorious defense to the Plaintiffs' action. In particular, Defendant Lisa Elliott denies embezzling money as alleged in the Complaint, and asserts that she is 51% owner of the Plaintiff Elliott Air, Inc." Because plaintiffs have failed to challenge this finding, it is deemed to be supported by competent evidence and is binding on appeal. *Koufman v. Koufman,* 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

Liberally construing Rule 60(b), and in light of David's documented history of domestic abuse against Lisa and plaintiffs' violation of Rule 5, the trial court properly concluded that Lisa's actions constituted excusable neglect under Rule 60(b)(1) and that she has a meritorious defense. We hold the trial court did not abuse its discretion by vacating the judgment entered against her. This argument is without merit.

## III. Motion to Dismiss

[2] In their second argument, plaintiffs contend that the trial court erred in granting Nichols and Powers' motion to dismiss EAI's civil

**ELLIOTT v. ELLIOTT**

[200 N.C. App. 259 (2009)]

conspiracy claim pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. We disagree.

"A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." *Sterner v. Penn*, 159 N.C. App. 626, 628, 583 S.E.2d 670, 672 (2003) (citations omitted).

> When ruling upon a 12(b)(6) motion to dismiss, a trial court must determine as a matter of law whether the allegations in the complaint, taken as true, state a claim for relief under some legal theory. On appeal of a 12(b)(6) motion to dismiss for failure to state a claim, our Court "conduct[s] a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."

*Estate of McKendall v. Webster*, —— N.C. App. ——, ——, 672 S.E.2d 768, 770 (2009) (internal citation and quotation omitted). It is well-established that dismissal of a plaintiff's claim is proper under Rule 12(b)(6) when one of the following three conditions is met: "(1) the complaint on its face reveals that no law supports the claim; (2) the complaint on its face reveals the absence of facts sufficient to make a valid claim; or (3) the complaint discloses some fact that necessarily defeats the claim." *Woolard v. Davenport*, 166 N.C. App. 129, 133, 601 S.E.2d 319, 322 (2004) (citation omitted).

This Court has defined civil conspiracy as "(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." *Strickland v. Hendrick*, —— N.C. App. ——, ——, 669 S.E.2d 61, 72 (2008) (quotation omitted).

> A threshold requirement in any cause of action for damages caused by acts committed pursuant to a conspiracy must be the showing that a conspiracy in fact existed. The existence of a conspiracy requires proof of an agreement between two or more persons. Although civil liability for conspiracy may be established by circumstantial evidence, the evidence of the agreement must be sufficient to create more than a suspicion or conjecture in order to justify submission to a jury.

*Dove v. Harvey*, 168 N.C. App. 687, 690-91, 608 S.E.2d 798, 801 (2005) (quotation omitted), *disc. review denied*, 360 N.C. 289, 628 S.E.2d 249 (2006).

In the instant case, plaintiff twice alleged conspiracy against Nichols and Powers in the complaint, once specifically in Paragraph 14 and once generally against all defendants in Paragraph 33. In Paragraph 14 of plaintiffs' complaint, EAI alleged that Nichols and Powers conspired with Lisa to purchase a house with improperly obtained funds:

> 14. Defendant Lisa L. Elliott in combination and conspiracy with her sister, defendant Diane K. Nichols, and her mother, defendant Karen Powers, used money improperly taken by her from plaintiff Elliott Air, Inc., in the manner described above, and invested it in the purchase of a house and lot located at 303 Rosemont Street, Gibsonville, Alamance County, North Carolina, which was acquired on July 14, 2006, by deed recorded in Book 2438, Page 596-598, Alamance County Registry of Deeds. Defendant Diane K. Nichols is the grantee of this deed. Defendant Karen Powers occupies this property as her homeplace.

However, on 24 July 2008, Judge Jones entered a partial summary judgment order in favor of Nichols and Powers resolving the specific allegations contained in Paragraph 14:

> [T]here is no genuine issue of material fact with regard to the funds, represented by two checks paid to Diane Nichols on February 22, 2005, and April 17, 2005 for $10,000.00 and $44,000.00 respectively. These funds are the proceeds of the bona fide sale of Karen Powers' real property, and the Plaintiffs have no claim at law or in equity on either those funds or the real property located at 303 Rosemont Street in Gibsonville, North Carolina.

The partial summary judgment order dismissed with prejudice plaintiffs' claims for recovery of $54,000.00 and their claim against the property located at 303 Rosemont Street.

Subsequently, on 29 July 2008, the trial court entered its Rule 12(b)(6) order dismissing EAI's civil conspiracy claim and specifically referenced the prior partial summary judgment order: "In paragraph 14 of the Complaint, Plaintiff alleged that Nichols and Powers conspired with Lisa Elliott to purchase a house with improperly obtained funds. However, summary judgment as to these funds ($54,000.00) was granted to Nichols and Powers on July 24, 2008." Plaintiffs failed to appeal Judge Jones' partial summary judgment order. As such, this Court is precluded from reviewing that

ruling and it remains undisturbed. *See Warner v. Brickhouse*, 189 N.C. App. 445, 449, 658 S.E.2d 313, 316 (2008) ("[T]he appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the ones from which the appeal is being taken." (quotation omitted)).

Because the specific allegations contained in Paragraph 14 were resolved by the prior partial summary judgment order, the remaining allegation of civil conspiracy contained in Paragraph 33 of plaintiffs' complaint must sufficiently plead that cause of action against Nichols and Powers. Paragraph 33 of the complaint states:

> 33. Each of the defendants agreed with defendant Lisa L. Elliott to do unlawful acts, consisting of wrongfully taking the funds and property of plaintiff Elliott Air, Inc.; one or more of the parties to the agreement committed overt acts in furtherance of the aims of the agreement; and plaintiff Elliott Air, Inc., suffered actual injury as a proximate result of the overt acts committed in furtherance of the conspiracy.

Our Supreme Court has stated, "[w]e must judge the sufficiency of the complaint by the facts alleged and not by pleader's conclusions. The repeated use of the words combined, conspired, and agreed together to injure the plaintiff, are but conclusions of the pleader and without the allegation of the overt acts the complaint is insufficient to state a cause of action . . . ." *Shope v. Boyer*, 268 N.C. 401, 405, 150 S.E.2d 771, 774 (1966) (citations omitted)); *see also Dove*, 168 N.C. App. at 690, 608 S.E.2d at 800 ("In civil conspiracy, recovery must be on the basis of *sufficiently alleged wrongful overt acts*. The charge of conspiracy itself does nothing more than associate the defendants together and perhaps liberalize the rules of evidence to the extent that under proper circumstances the acts and conduct of one might be admissible against all." (quotation omitted) (emphasis added)). In the instant case, the only factual allegation regarding any conspiracy with Nichols and Powers is contained in paragraph 14 of plaintiffs' complaint. This contention has been resolved by Judge Jones' partial summary judgment order. No other wrongful overt acts are alleged to have been committed by any of the defendants in furtherance of the alleged conspiracy between Lisa, Nichols, and Powers.[2] We hold that plaintiffs' blanket and con-

---

2. We note that plaintiffs' complaint alleges that Lisa, *inter alia*, "embezzled, cashed forged checks, and otherwise converted to her own use a large amount of the funds of plaintiff [EAI]." However, plaintiffs do not allege these acts were done in furtherance of any conspiracy with Nichols and Powers.

clusory allegations in paragraph 33 are insufficient to state a claim of civil conspiracy.

Accordingly, as plaintiffs' complaint on its face reveals the absence of facts sufficient to make a valid claim, the trial court properly dismissed plaintiffs' claim for civil conspiracy against Nichols and Powers. This argument is without merit.

AFFIRMED.

Judges HUNTER, Robert C. and GEER concur.