An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-918

Filed 1 October 2025

Wake County, No. 24CV004393-910

Builders Mutual Insurance Company and Builders Premier Insurance Company, Plaintiffs,

v.

EMPWR Solar LLC f/k/a EMPWR Solar LLP f/k/a Source Energy Solutions LLP t/a Palmetto Direct, and Douglas Sean Sullivan, individually and Robert Matthew Edge, individually, Defendants.

Appeal by Defendants from order entered 9 August 2024 by Judge David K. Baker, Sr. in Wake County District Court. Heard in the Court of Appeals 13 August 2025.

> *Stuart Law Firm, PLLC, by William A. Piner II and Catherine R. Stuart, for Plaintiffs-Appellees.*

> *Matheson & Associates, PLLC, by Karl W. Roth, for Defendants-Appellants.*

WOOD, Judge.

EMPWR Solar LLC f/k/a EMPWR Solar LLP f/k/a Source Energy Solutions LLP t/a Palmetto Direct, Douglas Sean Sullivan, individually, and Robert Matthew Edge, individually, (collectively "Defendants") appeal from the trial court's order denying the motion to vacate the default judgment and grant an extension of time.

For the reasons stated herein, we hold the trial court did not abuse its discretion.

## I.   Factual and Procedural Background

Builders Mutual Insurance Company and Builders Premier Insurance Company (collectively "Plaintiffs") provided workers' compensation coverage, commercial package coverage, and commercial auto coverage to Defendants. Plaintiffs provided workers' compensation coverage from 22 September 2020 to 12 June 2023, commercial package coverage from 22 September 2020 to 22 September 2022, and commercial auto coverage from 15 September 2023 to 2 October 2023.

Defendants received several notices from Plaintiffs. The notices included four Revised Audit Bill's issued on 19 July 2023 and 6 October 2023, one Audit Bill issued on 8 August 2023, and one Unpaid Premium Late Notice issued on 10 October 2023 all requiring additional premium payments to be made towards past policy periods. Defendants contested the audit process, alleging Plaintiffs assigned the incorrect "Class Codes" to some of their employees, resulting in grossly inflated premium payments.

On 16 November 2023, Defendants' Attorney, Adam Mlynarczyk ("Mlynarczyk"), sent an email to Plaintiffs' Attorney, Will Piner ("Piner"), regarding the unpaid premium payments. Mlynarczyk asserted bad faith on behalf of Plaintiffs' "blatant mis-categorizations" of employees and requested to "set up a time to discuss." Piner responded to Mlynarczyk on 7 December 2023, rejecting the assertion of bad faith and stated, "we would be happy to provide additional clarification in efforts to

resolve the matter before proceeding to litigation." Mlynarczyk responded to Piner a final time on 20 December 2023 apologizing for his delayed response and stated that he "had a surgery last week and [he] will need a little time to get with [his] client on these."

On 8 February 2024, Plaintiffs filed a complaint asserting claims for breach of contract and unjust enrichment to recover over $1.4 million in unpaid insurance premiums. On 10 April 2024, Plaintiffs filed a motion for entry of default and default judgment due to Defendants' failure to answer under Rule 55 of the North Carolina Rules of Civil Procedure. The following day, 11 April 2024, the Wake County Clerk of Superior Court entered default and default judgment[1] against Defendants including interests and costs in favor of Plaintiffs. A letter dated 16 April 2024 was sent to Defendants notifying them of the default judgment that had been obtained against them in the proceeding.

On 17 May 2024, more than a month after default judgment was entered, attorney Karl W. Roth ("Roth") submitted a notice of appearance by counsel on behalf of Defendants. On the same day, Roth submitted a motion to vacate the default judgment and for an extension of time. The motion states that Defendants EMPWR Solar LLC, Douglas Sean Sullivan, and Robert Matthew Edge were served between 20 February 2024, and 4 March 2024. The motion argues that "[a]s this default

---

[1] Entry of default judgment by the Clerk is appropriate as Plaintiffs' complaint asked for a sum certain. N.C. Gen. Stat. § 1A-1, Rule 55(b)(1).

judgment was entered thirty-six (36) days ago, Plaintiff will not be prejudiced by vacating the default and providing Defendants thirty (30) days in order to have their attorney respond to this Complaint on the merits and to assert affirmative defenses and counterclaims as may be necessary." The motion does not state which affirmative defenses or counterclaims Defendants would assert if the default judgment were vacated.

On 16 July 2024, Plaintiffs filed a memorandum in opposition to Defendants' motion to vacate. Plaintiffs argued the default judgment should not be set aside because Defendants displayed neither excusable neglect nor a meritorious defense.

On 18 July 2024, a virtual proceeding was held for the trial court to hear the motion to vacate default judgment. In that proceeding, Defendants acknowledged that they owed Plaintiffs payment for the insurance premiums, "but it was nowhere near the judgment that [Plaintiffs] got, which was well over a million dollars." Defendants also stated that they had a meritorious defense because of the "many unresolved factual issues and contesting of the categorization of the employees[.]" The trial court denied Defendants' motion. The corresponding order was filed the same day, stating the motion was denied because the trial court found "Defendants have shown neither excusable neglect nor the existence of a meritorious defense." To correct a clerical error, a consent order to amend the order was filed on 7 August 2024. The order was corrected, and the amended order was filed on 9 August 2024, with the

identical reason stated for denial. Defendants filed a written notice of appeal on 12 August 2024.

## II. Analysis

Defendants assert one argument on appeal, that the trial court committed reversible error by denying the Rule 60(b) motion to vacate the default judgment. Defendants assert that their failure to respond to the complaint was based upon excusable neglect and based on the totality of the circumstances, the default judgment should be set aside. Defendants do not challenge the initial Entry of Default on appeal but do challenge the Default Judgment.

### A. Standard of Review

"The decision of whether to set aside an entry of default is within the sound discretion of the trial court. Likewise, our standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion." *Cnty. of Mecklenburg v. Ryan*, 281 N.C. App. 646, 652, 871 S.E.2d 110, 115-16 (2022) (cleaned up). However, "[w]hether neglect is 'excusable' or 'inexcusable' is a question of law" and is reviewed by this Court *de novo. Judd v. Tilghman Med. Assocs., LLC*, 272 N.C. App. 520, 526, 847 S.E.2d 45, 49 (2020) (quoting *Elliott v. Elliott*, 200 N.C. App. 259, 262, 683 S.E.2d 405, 408 (2009)).

### B. Motion to Set Aside Default Judgment

Defendants argue that the trial court abused its discretion by denying the motion to vacate the default judgment because Defendants' failure to respond was

based upon excusable neglect. Further, while Defendants acknowledge they "clearly made a mistake in not responding to the complaint," they argue the "windfall" award Plaintiffs received constitutes an extraordinary circumstance based on the totality of the circumstances. We disagree.

"Inasmuch as the law generally disfavors default judgments, any doubt should be resolved in favor of setting aside an entry of default." *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 486, 586 S.E.2d 791, 794 (2003) (quoting *Peebles v. Moore*, 48 N.C. App. 497, 504-05, 269 S.E.2d 694, 698 (1980), *modified and aff'd*, 302 N.C. 351, 275 S.E.2d 833 (1981)). "To set aside a judgment on the grounds of excusable neglect under Rule 60(b), the moving party must show that the judgment rendered against him was due to his excusable neglect and that he has a meritorious defense." *Judd*, 272 N.C. App. at 526, 847 S.E.2d at 49 (quoting *Elliott*, 200 N.C. App. at 262, 683 S.E.2d at 408).

Defendants assert their failure to respond to Plaintiffs' complaint is excusable neglect because they "mistakenly believed that the attorneys were still working through the audit process and towards settlement." Further, Defendants claim they were "not aware that Plaintiffs' counsel failed to advise their South Carolina attorney that a lawsuit was filed or that Plaintiffs had abandoned further settlement discussion." "The standard of care required of the litigant is that which a man of ordinary prudence usually bestows on his important business." *Judd*, 272 N.C. App. at 527, 847 S.E.2d at 50 (quoting *Moore v. Deal*, 239 N.C. 224, 227, 79 S.E.2d 507,

510 (1954)). "Our Supreme Court has repeatedly held: 'the employment of counsel does not excuse the client from giving proper attention to the case.'" *Judd*, 272 N.C. App. at 527, 847 S.E.2d at 50 (quoting *Hyde Cnty. Land & Lumber Co. v. Thomasville Chair Co.*, 190 N.C. 437, 438, 130 S.E. 12, 13 (1925)).

> It is well settled that provisions relating to the setting aside of default judgments should be liberally construed so as to give litigants an opportunity to have a case disposed of on the merits. However, statutory provisions designed to protect plaintiffs from defendants *who do not give reasonable attention to important business affairs such as lawsuits cannot be ignored.*

*Judd*, 272 N.C. App. at 526, 847 S.E.2d at 50 (emphasis added).

Here, we cannot find that Defendants demonstrated reasonable diligence or exercised the acceptable standard of care over their important business matters. *See Monaghan v. Schilling*, 197 N.C. App. 578, 585, 677 S.E.2d 562, 566 (2009); *Judd*, 272 N.C. App. at 527, 847 S.E.2d at 50. The record is clear that Defendants were served via the Charleston County, South Carolina Sheriff between 20 February 2024 and 4 March 2024. Defendants make no argument that they attempted to contact Plaintiffs or even their own attorney after receiving service of the complaint. We cannot find excusable neglect in ignoring a lawsuit on the mistaken belief that counsel has it handled. As stated *supra*, "[o]ur Supreme Court has repeatedly held: 'the employment of counsel does not excuse the client from giving proper attention to the case.'" *Judd*, 272 N.C. App. at 527, 847 S.E.2d at 50.

As Defendants are unable to make a sufficient showing of excusable neglect,

"the question of a meritorious defense becomes moot and is immaterial." *Judd*, 272 N.C. App. at 528, 847 S.E.2d at 50 (quoting *Estate of Teel v. Darby*, 129 N.C. App. 604, 611, 500 S.E.2d 759, 764 (1998)).  Thus, we find the trial court did not abuse its discretion in denying Defendants' motion to vacate the default judgment.

## III.    Conclusion

For the reasons stated herein, we hold the trial court did not err by denying Defendants' Rule 60(b) motion to vacate the default judgment as Defendants' failure to respond to the complaint was not excusable neglect.  Accordingly, Defendants' issue of a meritorious defense is immaterial, and we need not address it.  We affirm the order of the trial court.

AFFIRMED.

Chief Judge DILLON and Judge ZACHARY concur.

Report per Rule 30(e).