LARRY W. COLEY AND JUDY B. COLEY, HIS WIFE v. NORTH CAROLINA NATIONAL BANK; TOMMY J. WILLIAMS; CURTIS R. EUDY AND ELIZABETH W. EUDY, HIS WIFE

No. 7819SC672

(Filed 1 May 1979)

1. **Fraud § 9; Rules of Civil Procedure § 9— alleging acts constituting fraud with particularity**

     An action against defendant bank for fraud was properly dismissed for failure of plaintiffs to state with particularity the circumstances constituting the alleged fraud where plaintiffs' complaint alleged that defendant bank,

which made a home loan to plaintiffs, misrepresented that a material condition of the contract of sale of the home had been performed by the sellers and that plaintiffs reasonably relied on this misrepresentation to their detriment, but the complaint failed to allege specifically the individuals who made the misrepresentations and the time and place they were made. G.S. 1A-1, Rule 9(b).

**2. Rules of Civil Procedure § 12— motion to dismiss not converted into one for summary judgment**

Defendant's Rule 12(b)(6) motion to dismiss was not converted into one for summary judgment by the trial court's consideration of the contract which was the subject of the action and specifically referred to in the complaint.

APPEAL by plaintiffs from *Lupton, Judge*. Order entered 6 March 1978 in Superior Court, CABARRUS County. Heard in the Court of Appeals on 5 April 1979.

This is a civil action instituted on 8 December 1977 wherein plaintiffs have alleged that they were fraudulently induced by the defendants to purchase a new home. The specific allegations relevant to this appeal concern one of the defendants, North Carolina National Bank ("Bank"). In this regard, the complaint contained the following:

7. In February of 1977, the plaintiffs were living in a home in Rowan County, North Carolina, which was mortgaged to defendants, Liberty Financial Planning, Inc., and Concord-Kannapolis Savings & Loan Association, and were in the market for a home in the vicinity of Concord, North Carolina. The plaintiffs looked at a newly constructed home being advertised and offered for sale by the defendant, Tommy J. Williams, for the defendants, Curtis R. Eudy and Elizabeth W. Eudy, his wife. The plaintiffs liked the appearance of the new home and explained to the defendant, Tommy J. Williams, that they could not purchase the new home and still remain responsible for the mortgage obligations on their old home. The defendant, Tommy J. Williams, proposed that the defendants, Curtis R. Eudy and Elizabeth W. Eudy, his wife assume the obligations on the plaintiffs' old home and that the old home be traded in to the Eudys on the purchase of the new home on Burrage Road in Concord, North Carolina . . . [The parties] agreed and contracted on or about the 12th day of February, 1977, that the plaintiffs would purchase the new home from the [Eudys] on Burrage

Road in Concord, North Carolina, and would trade in their home in Rowan County to the [Eudys] who would assume the mortgage indebtednesses on that home . . .

8. The defendant, Tommy J. Williams, suggested that the financing of this new home be obtained through the defendant, North Carolina National Bank. The defendant, North Carolina National Bank, was aware at all times that a condition of the plaintiffs' purchase of the new house from the Eudys and a condition of the plaintiffs' loan and repayment of the loan from the defendant, North Carolina National Bank, was that the two (2) mortgage indebtednesses on the home the plaintiffs were trading in would be assumed by the defendants, Curtis R. Eudy and Elizabeth W. Eudy, his wife . . . It was a material condition of the contract between the parties that the [Eudys] would relieve the plaintiffs of their obligations to the mortgage holders on their home in Rowan County.

9. In order to induce the plaintiffs to purchase the house from the Eudys and to deed their Rowan County property to the Eudys and execute a promissory note to the defendant, North Carolina National Bank, and pay other loan fees to North Carolina National Bank, and in order for the defendants, Curtis R. Eudy and Elizabeth W. Eudy, his wife, and defendant, Tommy J. Williams, to receive the sale price and other consideration for the new home from the money advanced by North Carolina National Bank in a loan to the plaintiffs, the defendants all (excepting Liberty Financial Planning, Inc., and Concord-Kannapolis Savings & Loan Association) materially misrepresented to the plaintiffs that the defendants, Curtis R. Eudy and Elizabeth W. Eudy, his wife, had in fact performed a material condition of the contract. The misrepresentation was that the defendants, Curtis R. Eudy and Elizabeth W. Eudy, his wife, had assumed the mortgage indebtednesses on the plaintiffs' home they traded in and had fixed the leaks in the basement and each of the defendants had full knowledge of the falsity of their misrepresentations or culpable ignorance of the truth of the misrepresentations and all had a fraudulent intent to deceive the plaintiffs and did in fact deceive the plaintiffs into believing . . . that the mortgage indebtednesses had been assumed

by the Eudys when in fact they had not. . . . The misrepresentations of the defendants induced the plaintiffs to sign a deed for their Rowan County property to the defendants, Curtis R. Eudy and Elizabeth W. Eudy, his wife, while in truth and in fact the defendants, Curtis R. Eudy and Elizabeth W. Eudy, his wife, never have nor at any time did they intend to assume the obligations owing on the mortgage indebtednesses or fix the leaks in the basement.

10. . . . The plaintiffs have lost sleep and suffered intense mental distress, anxiety and embarrassment all because of the fraudulent misrepresentations of the defendants that their obligations to Concord-Kannapolis Savings & Loan Association and Libery Financial Planning, Inc., had been assumed by the [Eudys].

11. The plaintiffs reasonably relied on the misrepresentations of the defendants and the plaintiffs never would have deeded their Rowan County home or purchased the new home but for the fraud of the defendants which induced them to do so. . . .

On 23 January 1978, the Bank, pursuant to G.S. § 1A-1, Rules 12(b)(6) and 9(b), filed a motion to dismiss "for failure of the Plaintiffs to state . . . with particularity the circumstances constituting the alleged fraud." On 6 March 1978, after a hearing, the trial judge entered an Order granting the Bank's motion to dismiss. Plaintiffs appealed.

*Wesley B. Grant for plaintiff appellants.*

*Berry, Bledsoe, Hogewood & Edwards, by Ashley L. Hogewood, Jr., and Jackie D. Drum, for defendant appellee North Carolina National Bank.*

HEDRICK, Judge.

[1] Plaintiff first contends that the court erred in granting the Bank's Rule 12(b)(6) motion to dismiss. Plaintiff argues that the complaint contains sufficiently detailed allegations of fact which, if proven, would establish fraud.

The essential elements of active fraud are well-established: There must be a misrepresentation of material

fact, made with knowledge of its falsity and with intent to deceive, which the other party reasonably relies on to his deception and detriment. Equally well-established is the requirement that the plaintiff allege all material facts and circumstances constituting the fraud with particularity in the complaint. Mere generalities and conclusory allegations of fraud will not suffice. [Citations omitted.]

*Moore v. Wachovia Bank and Trust Co.*, 30 N.C. App. 390, 391, 226 S.E. 2d 833, 834-35 (1976). Under G.S. § 1A-1, Rule 9(b), however, "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." The pleader, however, must state with particularity the time, place and content of the false misrepresentation. 2A Moore's Federal Practice ¶ 9.03, at 1924-28 (2d ed. 1978). Furthermore, the plaintiff must identify the particular individuals who dealt with him when he alleges that he was defrauded by a group or association of persons. *Trussell v. United Underwriters, Ltd.*, 228 F. Supp. 757, 774-75 (D. Colo. 1964).

We think plaintiffs have failed to allege the circumstances constituting fraud with sufficient particularity, and that the trial judge properly granted defendant's Rule 12(b)(6) motion. At most, plaintiffs' complaint alleges that the Bank misrepresented that a material condition of the contract had been performed and that plaintiffs reasonably relied on this misrepresentation to their detriment. The fatal deficiency in plaintiffs' allegations is that the complaint contains no facts whatsoever setting forth the time, place, or specific individuals who purportedly made the misrepresentations to the plaintiffs. The defendant North Carolina National Bank is a corporation; *ipso facto*, any fraudulent misrepresentations attributable to it would necessarily have been made by natural persons acting as its agents. It is not sufficient to conclusorily allege that a corporation made fraudulent misrepresentations; the pleader in such a situation must allege specifically the individuals who made the misrepresentations of material fact, the time the alleged misstatements were made, and the place or occasion at which they were made. It would be manifestly unfair to require a corporation to attempt to defend an action for fraud without being informed as to which of its officers, agents, or employees purportedly made the misrepresentations, as well as to all of the facts and circumstances surrounding the

transaction. Because no such facts are alleged in the plaintiffs' complaint, it was properly dismissed for failure to state a claim upon which relief may be granted.

[2]   Plaintiffs next contend that the court erred by considering materials outside the pleadings in ruling on the motion to dismiss without giving them a reasonable time in which to present additional materials in support of their position. The outside material objected to was the written contract obligating the Eudys to assume the mortgage on the plaintiffs' Rowan County house, which contract was referred to in the complaint.

Rule 12(b) provides in pertinent part:

If, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

We do not think that defendant's Rule 12(b)(6) motion to dismiss was converted into one for summary judgment by the trial court's referring to the contract which was the subject of the action and specifically referred to in the complaint. The obvious purpose of the above quoted provision contained in Rule 12(b) is to preclude any unfairness resulting from surprise when an adversary introduces extraneous material on a Rule 12(b)(6) motion, and to allow a party a reasonable time in which to produce materials to rebut an opponent's evidence once the motion is expanded to include matters beyond those contained in the pleadings. In the present case these factors are conspicuously absent. Certainly the plaintiffs cannot complain of surprise when the trial court desires to familiarize itself with the instrument upon which the plaintiffs are suing because the plaintiffs have failed to reproduce or incorporate by reference the particular instrument in its entirety in the complaint. Furthermore, by considering the contract, the trial judge did not expand the hearing to include any new or different matters. No prejudice could have resulted to the plaintiffs from the trial judge's actions in any event, as the complaint was

dismissed for failure to state with particularity the circumstances of the alleged fraud. This assignment of error has no merit.

For the reasons stated above, the Order dismissing defendant North Carolina National Bank is affirmed.

Affirmed.

Judges PARKER and CARLTON concur.