RANDOLPH H. TRULL, Plaintiff v. CENTRAL CAROLINA BANK & TRUST COMPANY; RICHARD H. CRONK, JR.; and PLAYER I, a North Carolina general partnership and KITTY PLAYER BECK, Defendants

No. 9310SC1280

(Filed 6 December 1994)

### Fraud, Deceit, and Misrepresentation § 24 (NCI4th)— failure to plead with particularity—summary judgment for defendant proper

Plaintiff's claims that defendant fraudulently procured his signature on a $100,000 promissory note and fraudulently induced him to purchase property and execute a $650,000 note failed to meet the particularity requirements for pleading fraud where the complaint failed to allege the individual who concealed the original borrower's financial condition and requested plaintiff's signature on the $100,000 promissory note and failed to allege that the representations which defendant's agent made were false or that the agent either knew them to be false or made them with reckless indifference to the truth.

**Am Jur 2d, Fraud and Deceit §§ 423 et seq.**

Appeal by plaintiff from order entered 13 September 1993 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 26 September 1994.

Defendants Kitty Beck and Richard H. Cronk, Jr. were general partners in a North Carolina general partnership under the assumed name Player I. On 26 February 1987 Player I purchased property at 6729 Falls of the Neuse Road in Raleigh, North Carolina (the property). At that time Player I executed a deed of trust in favor of Planters National Bank, securing a loan of $110,000. On 3 August 1987 Player I also signed a $380,000 note for a construction loan to build on the property, which was also secured by a Deed of Trust in favor of Planters National Bank.

On 13 October 1988, Beck assigned her partnership interest to Cronk and the Beck/Cronk partnership was dissolved. Also on 13 October 1988, defendant Central Carolina Bank and Trust Company (CCB) made loan #88103 for $100,000 payable to Cronk d/b/a Player I.

On 9 December 1988, Cronk and plaintiff Randolph H. Trull formed a partnership under the name of Player I. Also on that day, CCB lent $140,000 (loan #88130) to Cronk d/b/a Player I, Trull individually and Cronk's wife Kathleen, which loan was secured by a deed of trust on the property. On 7 June 1989 Cronk and Trull signed a Certificate of Loan for Business Purposes as borrowers on the $100,000 note No. 88103 and renewed the loan for $140,000 as partners in Player I. On 1 November 1989, Trull and Cronk signed a renewal note for the $100,000 loan that CCB had made to Cronk "d/b/a Player I" on 13 October 1988.

After the building was completed, Player I defaulted on the $380,000 construction loan. On 1 June 1990 Planters National Bank began foreclosure proceedings against the property. To protect its interest in the property, CCB authorized foreclosure on loan No. 88130 on 30 June 1990.

In July 1990, W. Emmett Quarles, an officer of CCB, met with Cronk and Trull to discuss the foreclosure on the property. Trull was informed that because Cronk had no assets, CCB would collect its outstanding loans from Trull. Quarles and Cronk advised Trull that he should purchase the property. Quarles promised to lend Trull $650,000 to purchase the property. Shortly thereafter, Player I adopted a resolution to sell the building and the property on which it was located to Trull and CCB sent Trull a commitment letter authorizing the $650,000 loan. Trull signed a promissory note for $650,000 payable to CCB. Most of the $650,000 loan was used to pay the balances due on the $380,000 note and deed of trust to Planters National Bank and the two notes to CCB—one for $100,000 and the other for $140,000.

On or about 4 April 1992, CCB sent a notice of default to Trull on his $650,000 note. Shortly thereafter, on 15 April 1992, Trull filed this action against CCB, Cronk, Player I, and Beck. Plaintiff's complaint alleged claims for fraud, negligent misrepresentation, breach of duty of good faith, economic duress, unfair and deceptive trade practices and punitive damages against defendant CCB and Cronk. Defendant CCB filed an answer, counterclaim and affirmative defenses on 17 June 1993 and filed motion for summary judgment on plaintiff's claims against CCB on 10 August 1993. On 27 August 1993, over a year

TRULL v. CENTRAL CAROLINA BANK

[117 N.C. App. 220 (1994)]

after plaintiff filed his complaint, plaintiff filed an amended complaint, a motion to amend the complaint, and a notice of hearing on the motion to amend, which are contained in the record on appeal. The record contains no order allowing plaintiff's amended complaint and therefore it is not before this Court. Defendant CCB's motion and other motions filed by the parties were heard during the 30 August 1993 civil session of Wake County Superior Court. On 13 September 1993, Judge Donald W. Stephens entered an order which, among other things, granted defendant CCB's motion for summary judgment.

*Burns, Day & Presnell, P.A., by Lacy M. Presnell III, for plaintiff-appellant.*

*Barrow and Davis, by Paul D. Davis, for defendant-appellee Central Carolina Bank* and Trust Company.

THOMPSON, Judge.

Plaintiff appeals from an order entered 13 September 1993 granting defendant CCB's motion for summary judgment on all of plaintiff's claims against CCB. By order entered 4 October 1993, the 13 September 1993 order was amended to certify that the 13 September 1993 order is a final judgment in connection with plaintiff's claims against CCB and is therefore immediately appealable under N.C. Gen. Stat. § 1A-1, Rule 54(b) (1990).

Although plaintiff assigns error to the granting of summary judgment on all of his claims, his brief only discusses the assignment of error with respect to fraud claims. Because plaintiff's brief in chief failed to state any reason, argument or authority in support of its contention that summary judgment was improperly granted on his claims other than fraud, plaintiff's assignments of error with respect to that portion of the order are deemed abandoned. *See* Rule 28(b)(5) N.C. R. App. P. (1994). We also note that plaintiff has filed a reply brief pursuant to Rule 28(h)(2), which sets forth arguments and cites authority in support of his contention that summary judgment on his other claims was improper. The reply brief cannot, however, revive assignments of error which plaintiff has previously abandoned. Thus, the only issue before us is whether the trial court properly granted defendant CCB's motion for summary judgment on plaintiff's fraud claims.

In his complaint, plaintiff alleges that CCB fraudulently induced him to sign the 1 November 1989 $100,000 promissory note and that

CCB and Cronk fraudulently induced him to purchase the property and to execute the $650,000 promissory note. Specifically, plaintiff alleges in his complaint that:

23. . . . [P]rior to November 1, 1989 CCB had learned that the Cronks were experiencing severe financial problems, difficulties in paying their loans and financial obligations, and were insolvent.

24. On November 1, 1989 CCB, while concealing its knowledge of the Cronks' insolvency, requested Trull to sign a Line of Credit Deed of Trust Promissory Note in the amount of $100,000, and Trull signed this renewal note on or about November 1, 1989. This note was a renewal of CCB loan number 88103 previously made to Richard and Kathleen Cronk. Prior to November 1, 1989, Trull had not signed and had no personal liability for this $100,000 loan. CCB had obtained a Deed of Trust on the property executed by the Cronks on October 13, 1988.

. . .

28. Shortly after June 1, 1990 Cronk and W. Emmett Quarles, an officer of CCB, met with Trull at CCB's offices and advised Trull of the foreclosure of the property. At this meeting CCB, acting through its duly authorized officer and Cronk together, made the following representations to Trull:

(a) if Trull did not purchase the property and pay all outstanding loans secured by deeds of trust on the property, CCB would collect its outstanding loans in an amount of over $240,000 from Trull;

(b) Cronk had nothing, and payment of all loans (including the $100,000 note Trull had been fraudulently induced to sign) would have to be paid solely by Trull;

(c) Trull had "no choice" but to buy the property

(d) Trull should purchase the property, even though Trull told them repeatedly at the meeting that he did not want to buy the property;

(e) CCB would loan Trull the money to fund his purchase of the property; and

(f) that Quarles and Cronk would help Trull sell the property shortly after Trull purchased it.

The complaint further alleges that, because of these fraudulent acts, plaintiff is entitled to rescind his purchase of the property, the $650,000 promissory note to CCB and a 28 June 1991 promissory note for $43,775, which represents interest accrued on the $650,000 promissory note. The complaint also seeks the return of all collateral and security for these loans and damages from Cronk and CCB, jointly and severally, in excess of $10,000 for payments plaintiff made on these notes.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56 (1990). The movant has the burden of establishing the lack of any genuine issue of material fact. *Ramsey v. Keever's Used Cars*, 92 N.C. App. 187, 374 S.E.2d 135 (1988). The movant may meet this burden by proving that an essential element of the opposing party's claim does not exist. If the movant satisfies his burden, the opposing party must come forward with facts which controvert the facts set forth in the moving party's case. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992).

The essential elements of an action based on fraud are (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, and (5) which results in damage to the injured party. N.C. Gen. Stat. § 1A-1, Rule 9(b) (1992) requires that a complaint charging fraud allege these elements with particularity. *Hunter v. Spaulding*, 97 N.C. App. 372, 377, 388 S.E.2d 630, 634 (1990). If it does not, summary judgment is proper. *See Leake v. Sunbelt Ltd. of Raleigh*, 93 N.C. App. 199, 205, 377 S.E.2d 285, 289, *cert. denied*, 324 N.C. 578, 381 S.E.2d 774 (1989) (summary judgment proper on fraudulent representation claim where plaintiffs failed to allege defendants' intent at the time the alleged fraudulent misrepresentations were made and thus failed to satisfy Rule 9(b)). Defendant argues that summary judgment was proper because plaintiff's complaint failed to allege the essential elements of fraud with particularity. We agree. A complaint charging fraud against a corporation must specifically allege the time and occasion of the misrepresentation or concealment of material fact and the individual who made the misrepresentation or concealment in order to satisfy the requirements of Rule 9(b). *Coley v. North Carolina National Bank*, 41 N.C. App. 121, 125, 254 S.E.2d 217, 220 (1979).

## TRULL v. CENTRAL CAROLINA BANK

[117 N.C. App. 220 (1994)]

Plaintiff's claim that CCB fraudulently procured his signature on the $100,000 promissory note fails to satisfy the particularity requirements because his complaint failed to allege the individual who concealed Cronk's financial condition and requested his signature on the $100,000 promissory note.

Plaintiff's claim that CCB fraudulently induced him to purchase the property and execute the $650,000 note does not meet the particularity requirements because there is no allegation that the representations which CCB's agent, W. Emmett Quarles, made were false or that Quarles either knew them to be false or made them with reckless indifference to the truth. *See Watts v. Cumberland County Hosp. System,* 74 N.C. App. 769, 774, 330 S.E.2d 256, 260-267 (1985), *rev'd in part on other grounds,* 317 N.C. 110, 343 S.E.2d 879 (1986) (plaintiff must prove that the false representations were made with knowledge of the truth or with reckless indifference thereto). Moreover, except for the representation that "Cronk had nothing," these representations were not of past or existing facts. While the representation that "Cronk had nothing" is of a past or existing fact, plaintiff's complaint asserts that this representation was true. The representations that CCB would collect its outstanding loans from Trull if Trull did not purchase the property, that CCB would lend Trull the money to purchase the property, and that Quarles and Cronk would help Trull sell the property shortly after he purchased it are promissory representations. A promissory misrepresentation will not normally support an allegation of fraud. It is true that fraud may be found where a promissory misrepresentation is made with an intent to deceive the party and at the time the misrepresentation is made defendant has no intention of performing his promise. *Leake v. Sunbelt Ltd. of Raleigh,* 93 N.C. App. 199, 204-205, 377 S.E.2d 285, 288-289, *cert. denied,* 324 N.C. 578, 381 S.E.2d 774 (1989). In this case, the representation that CCB would lend Trull the money to purchase the property was true. Even assuming that the promissory representations were false, there is no allegation that Quarles knew that CCB would not collect its outstanding loans from Trull or that Quarles and Cronk would not help Trull sell the property shortly after Trull purchased it. Thus, plaintiff has failed to allege defendant's fraudulent intent at the time those representations were made.

Even if plaintiff had properly pleaded fraud, defendant CCB would have been entitled to summary judgment as a matter of law. The record shows no genuine issue of material fact as to whether CCB fraudulently induced plaintiff to sign the $100,000 promissory

SLATTON v. METRO AIR CONDITIONING

[117 N.C. App. 226 (1994)]

note, to purchase the property, or to execute the $650,000 promissory note.

The order granting defendant CCB's motion for summary judgment is

Affirmed.

Chief Judge ARNOLD and Judge MARTIN concur.