An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-974
NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2013

RALPH M. FOSTER and SHYVONNE L.
STEED-FOSTER,
　　　Plaintiffs,

　　　v.　　　　　　　　　　　　　　　Durham County
　　　　　　　　　　　　　　　　　　　No. 12 CVS 6015

WELLS FARGO, NA; FEDERAL NATIONAL
MORTGAGE ASSOCIATION, AKA FANNIE
MAE; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INCORPORATED,
AKA, MERS; and SHAPIRO AND INGLE;
　　　Defendants.


　　　Appeal by plaintiffs from order entered 29 April 2013 by Judge Paul G. Gessner in Durham County Superior Court. Heard in the Court of Appeals 9 January 2014.

　　　*Ralph M. Foster and Shyvonne L. Steed-Foster, pro se, plaintiffs-appellants.*

　　　*Womble, Carlyle, Sandridge, and Rice, LLP, by Amanda G. Ray and Jesse A. Schaefer, for defendants-appellees.*


　　　HUNTER, JR., Robert N., Judge.


　　　Ralph M. Foster and Shyvonne L. Steed-Foster ("Plaintiffs") appeal from a final order dismissing their complaint with prejudice for failure to state a claim upon which relief can be

granted. Plaintiffs contend that their complaint is sufficiently particular to state causes of action for fraud, unfair and deceptive trade practices, and civil conspiracy against Wells Fargo, Federal National Mortgage Association ("Fannie Mae"), Mortgage Electronic Registration Systems Incorporated ("MERS"), and the law firm of Shapiro and Ingle (collectively, "Defendants"). Plaintiffs also contend that the trial court erred in dismissing the complaint with prejudice without issuing a written order disposing of Plaintiffs' pending motions. For the following reasons, we affirm the trial court's order.

## I.  Factual & Procedural History

On 10 December 2012, Plaintiffs filed a complaint against Defendants in Durham County Superior Court alleging fraud, unfair and deceptive trade practices, and civil conspiracy. The complaint requested damages and a permanent injunction preventing Wells Fargo from foreclosing on Plaintiffs' property. The body of Plaintiffs' complaint characterizes the foreclosure practices of Defendants as a "scheme" devised by Fannie Mae to defraud the court. Most of Plaintiffs' allegations are general in nature, with only a few alleging specific facts that took

place in Plaintiffs' case. The specific facts that are alleged, and that are pertinent to our review, are as follows.

On 26 February 2012, Plaintiffs executed a promissory note in the amount of $340,506 in favor of TBI Mortgage Company in order to purchase property at 308 South Bend Drive in Durham. The note was secured by a deed of trust, which was attached and incorporated into the complaint by reference. The deed of trust identifies MERS as TBI Mortgage Company's nominee. The complaint also included a copy of a corporate assignment of the deed of trust from MERS, as nominee of TBI Mortgage Company, to Wells Fargo. A copy of the promissory note was not attached to the complaint.

Plaintiffs allege that the promissory note was indorsed in blank by TBI Mortgage Company and sold to Fannie Mae, who securitized the loan. Plaintiffs allege that Fannie Mae required Wells Fargo to make false representations to Plaintiffs regarding Wells Fargo's status as an owner and holder of the promissory note. Specifically, Plaintiffs allege that Wells Fargo represented itself as a loan servicer for TBI Mortgage Company and as the owner and holder of both the promissory note and deed of trust. Plaintiffs further allege that these representations were false and that in reliance on these

representations, Plaintiffs were induced to pay principal and interest payments on their mortgage to "Wells Fargo and/or Fannie Mae." According to Plaintiffs, they had no choice but to rely on these representations because "Wells Fargo controlled the relevant document and information regarding the true ownership of their loan but chose to hide such information from [P]laintiffs." Shapiro and Ingle allegedly perpetuated Wells Fargo's false representations by sending collection letters to Plaintiffs corroborating Wells Fargo's claims.

On 5 February 2013, Defendant Shapiro and Ingle filed a motion to dismiss the complaint pursuant to N.C. R. Civ. P. 12(b)(6). On 15 February 2013, the remaining Defendants also filed a motion to dismiss Plaintiffs' complaint. Thereafter, Plaintiffs filed an amended complaint adding a claim to quiet title to their property and a claim for injunctive relief. Plaintiffs also filed a motion for "Permanent and or Temporary Injunctive Relief" asking the trial court to "issue a permanent injunction against any attempt by defendants and Wells Fargo Bank, NA to commence future foreclosure proceedings against their property."

A hearing on the motions was scheduled for 11 April 2013. Before the hearing took place, Plaintiffs filed a motion for

leave to file a second amended complaint and withdrew their first amended complaint. At the hearing, Plaintiffs advised the trial court that they wished to proceed under their original complaint. By order dated 29 April 2013, the trial court dismissed Plaintiffs' complaint with prejudice. Plaintiffs filed timely notice of appeal.

## II. Jurisdiction

Plaintiffs' appeal from the superior court's order dismissing the complaint with prejudice lies of right to this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2013).

## III. Analysis

Plaintiffs' appeal presents two questions for our review: (1) whether the trial court erred in dismissing Plaintiff's complaint pursuant to N.C. R. Civ. P. 12(b)(6); and (2) whether the trial court properly considered Plaintiff's pending motions prior to entry of the dismissal order. We address each in turn.

### A. Dismissal Pursuant to Rule 12(b)(6)

Plaintiffs' contend that their complaint is sufficiently particular to state claims of fraud, unfair and deceptive trade practices, and civil conspiracy against Defendants. We disagree.

In reviewing the trial court's decision to dismiss Plaintiffs' complaint, "[t]his Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). "'On a Rule 12(b)(6) motion to dismiss, the question is whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted.'" *Allred v. Capital Area Soccer League, Inc.*, 194 N.C. App. 280, 282, 669 S.E.2d 777, 778 (2008) (quoting *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)). Accordingly, we must consider Plaintiffs' complaint "to determine whether, when liberally construed, it states enough to give the substantive elements of a legally recognized claim."[1] *Governors Club, Inc. v. Governors Club Ltd. P'Ship*, 152 N.C. App. 240, 246, 567 S.E.2d 781, 786 (2002) (internal citations omitted), *aff'd per curiam*, 357 N.C. 46, 577 S.E.2d 620 (2003).

---

[1] Both parties cite to material outside of the four corners of Plaintiffs' original complaint for factual propositions and to support their argument. However, the trial court's dismissal order addressed Plaintiffs' original complaint and our review is limited to that document on appeal.

**1. Fraud**

Plaintiffs' first cause of action against Defendants is for fraud. The essential elements of actionable fraud are "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974).

"Allegations of fraud are subject to more exacting pleading requirements than are generally demanded by our liberal rules of notice pleading." *Harrold v. Dowd*, 149 N.C. App. 777, 782, 561 S.E.2d 914, 918 (2002) (quotation marks and citation omitted). Pursuant to N.C. R. Civ. P. 9(b), "[i]n all averments of fraud . . . the circumstances constituting fraud or mistake shall be stated with particularity." Furthermore, "the particularity requirement is met by alleging time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations." *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981).

Here, Plaintiffs' claims of fraud relate to the alleged false representations made by Wells Fargo concerning its status

as a loan servicer for TBI Mortgage Company and its status as a holder of the promissory note. However, Plaintiffs' complaint fails to specifically identify any individual acting on behalf of Wells Fargo (or any other defendant) who allegedly made these representations. Accordingly, Plaintiff's allegations of fraud were properly dismissed. *See Trull v. Cent. Carolina Bank & Trust Co.*, 117 N.C. App. 220, 224, 450 S.E.2d 542, 545 (1994) ("A complaint charging fraud against a corporation must specifically allege the time and occasion of the misrepresentation or concealment of material fact and the individual who made the misrepresentation or concealment in order to satisfy the requirements of Rule 9(b)."); *Coley v. N.C. Nat. Bank*, 41 N.C. App. 121, 125, 254 S.E.2d 217, 220 (1979) ("It is not sufficient to conclusorily allege that a corporation made fraudulent misrepresentations; the pleader in such a situation must allege specifically the individuals who made the misrepresentations of material fact, the time the alleged misstatements were made, and the place or occasion at which they were made.").

## 2. Unfair and Deceptive Trade Practices

Plaintiffs' complaint also alleges that Defendants engaged in unfair and deceptive trade practices in violation of N.C.

Gen. Stat. § 75-1.1 (2013). "To state a claim for unfair and/or deceptive trade practices, the plaintiffs must allege that (1) the defendants committed an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiffs or to the plaintiffs' business." *Birtha v. Stonemor, N. Carolina, LLC*, ___ N.C. App. ___, ___, 727 S.E.2d 1, 10 (2012).

Plaintiffs' complaint does not allege new conduct by Defendants constituting an unfair and deceptive trade practice. Rather, the complaint merely references the same conduct alleged as being fraud, i.e., Wells Fargo's alleged false representations concerning its right to collect payment on the promissory note. In reviewing whether this alleged conduct is sufficiently particular to state a claim for relief under N.C. R. Civ. P. 8(a), we note that this Court is not required to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620 S.E.2d 873, 880 (2005) (quotation marks and citation omitted). Furthermore, "[d]ismissal is proper when . . . the complaint on its face reveals the absence of

facts sufficient to make a good claim." *Bissette v. Harrod*, ___ N.C. App. ___, ___, 738 S.E.2d 792, 797 (2013) (quotation marks and citations omitted).

Here, Plaintiffs' assertion that Wells Fargo committed an unfair or deceptive act is premised on Plaintiffs' unsupported characterization of the mortgage industry's foreclosure practices as a "fraudulent [s]cheme" and assumptions made therefrom. We do not accept as true those allegations in Plaintiffs' complaint which are based on unwarranted deductions of fact and unreasonable inferences.

Moreover, Plaintiffs' complaint alleges that their promissory note was indorsed in blank and sold to Fannie Mae. Later, the complaint alleges that Wells Fargo "controlled the relevant document and information regarding the true ownership of their loan." The complaint also alleges that Wells Fargo was never the owner of the deed of trust, yet includes a copy of a corporate assignment of the deed of trust from MERS, acting as nominee for TBI Mortgage Company, to Wells Fargo. Given these allegations, it is insufficient for Plaintiffs to allege that they paid principal and interest payments to Wells Fargo "to their damage." Plaintiffs have failed to allege that the sums paid were not applied to their outstanding mortgage debt.

Without such an allegation, Plaintiffs have not alleged an actual injury proximately resulting from Wells Fargo's alleged misrepresentations. Accordingly, Plaintiffs' unfair and deceptive trade practices claim was properly dismissed.

### 3. Civil Conspiracy

The final claim asserted in Plaintiffs' complaint is civil conspiracy. Again, the basis of Plaintiffs' claim is the alleged false representations made by Wells Fargo in connection with its right to collect on the promissory note. However, "there is not a separate civil action for civil conspiracy in North Carolina." *Dove v. Harvey*, 168 N.C. App. 687, 690, 608 S.E.2d 798, 800 (2005).

> In civil conspiracy, recovery must be on the basis of sufficiently alleged wrongful overt acts. The charge of conspiracy itself does nothing more than associate the defendants together and perhaps liberalize the rules of evidence to the extent that under proper circumstances the acts and conduct of one might be admissible against all.

*Id.* (quotation marks and citation omitted). Because we hold Plaintiffs have not sufficiently alleged the underlying wrongful acts of fraud or unfair and deceptive trade practices, Plaintiffs' civil conspiracy claim is without merit.

**B. Plaintiffs' Pending Motions**

Finally, Plaintiffs contend that the trial court erred in dismissing their complaint with prejudice without issuing a written order disposing of Plaintiffs' motion for injunctive relief and their motion for leave to file a second amended complaint. This argument is without merit because the trial court's order does address the substance of these motions. The order includes the following:

8. During the April 11, 2013[] hearing, Plaintiffs advised the Court that they wished to proceed under their original Complaint rather than the Amended Complaint.

9. Withdrawal of the Amended Complaint arguably effectuates a dismissal of this civil action, but the Court will rule on the merits of the Motions in light of Plaintiffs' desire to proceed under their original Complaint and to promote judicial economy.

10. Plaintiffs appear to seek a permanent injunction against any foreclosure sale under the Deed of Trust without regard to whether there is a present—or future—default under the promissory note secured by the Deed of Trust.

11. Plaintiffs are not entitled to a permanent injunction against a foreclosure sale of the Property. Likewise, Plaintiff's [sic] remaining claims fail to state a claim on which relief may be granted.

We affirm the trial court's dismissal order in its entirety.

## IV.  Conclusion

For the foregoing reasons, we affirm the trial court's order dismissing Plaintiffs' complaint with prejudice.

Affirmed.

Judges STROUD and DILLON concur.

Report per rule 30(e).