Kinston Med. Specialists, P.A. v. Bundle, 2015 NCBC 45.

STATE OF NORTH CAROLINA

COUNTY OF ONSLOW

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 430

KINSTON MEDICAL SPECIALISTS, P.A.,
     Plaintiff,

    v.

MARY E. BUNDLE and JACKSONVILLE
CHILDREN'S AND MULTI-SPECIALITY
CLINIC,
     Defendants.

)
)
)
)
)
)
)
)
)
)

**OPINION AND ORDER ON
MOTION TO DISMISS**

  THIS CAUSE, designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Special Superior Court Judge for Complex Business Cases, comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)").

  THE COURT, having considered the memoranda filed in support of and opposition to the Motion, and other appropriate matters of record, CONCLUDES that the Motion should be DENIED for the reasons stated herein.[1]

<u>Procedural Background</u>

  1. Most of the procedural background relevant to this action is set forth in detail in the Court's Order on Motion for Preliminary Injunction issued on March 19, 2015, and is incorporated by reference herein. In the Order on Preliminary Injunction, the Court denied Plaintiff's requests for a preliminary injunction to prohibit Defendant Mary E. Bundle ("Bundle") from violating a covenant not to compete and a covenant not to solicit patients

---

[1] The Court, pursuant to Rule 15.4 of the General Rules of Practice and Procedure for the North Carolina Business Court, decides the Motion without oral argument.

contained in an Employment Agreement ("Agreement") between her and Plaintiff. The Court concluded that Plaintiff had not shown a likelihood of success on the merits with regard to the covenant not to compete, and had failed to show likelihood of irreparable harm with regard to the covenant not to solicit.

2. On March 12, 2015, Defendants Bundle and Jacksonville Children's and Multi-specialty Clinic ("JCMC") filed the Motion, without a memorandum in support thereof. On May 4, 2015, after Plaintiff responded to the Motion, Defendants filed a reply memorandum in support of the Motion. The Motion and the reply are cryptic and it is difficult to determine on which claims and on what grounds Defendants move for dismissal. Defendants, however, have moved to "dismiss with prejudice the plaintiff's complaint." The Complaint states claims for (a) breach of the covenant not to compete against Bundle, (b) breach of the covenant not to solicit against Bundle, and (c) tortious interference with contractual relations against JCMC. Accordingly, the Court will address each of these claims.

Factual Background

3. Plaintiff is a regional medical practice in Eastern North Carolina. Plaintiff maintains a principal place of business in Lenoir County, and another location in Onslow County.[2] The use of mid-level providers, including physician's assistants, is an "integral component" of Plaintiff's medical practice.[3]

4. Plaintiff hired Bundle as a Physician's Assistant on or about August 13, 2004. On that same date, Bundle signed the Agreement. The Agreement contained covenants prohibiting Bundle for a period of two years following her termination from Plaintiff from being "engage[d] as" a Physician's Assistant in Onslow County, Lenoir County, Greene County, Jones County, Duplin County, and that part of Wayne County east of Goldsboro,

---

[2] Compl. ¶¶ 2, 5.
[3] *Id.* ¶ 6.

North Carolina, and from soliciting or inducing "any of the patients" of Plaintiff to cease doing business with Plaintiff.[4]

5. Bundle had "day-to-day exposure and interaction with [Plaintiff's] patients" while she was employed.[5] Although the Complaint alleges on information and belief that Bundle has divulged its "trade and business secrets," it does not contain any allegations regarding specific trade secrets to which Bundle was exposed as a Physician's Assistant.[6]

6. On or about January 2, 2015, Plaintiff terminated Bundle's employment. Shortly thereafter, Bundle began working as a Physician's Assistant for JCMC. JCMC is "engaged in a similar medical practice" to that of Plaintiff.[7]

7. Prior to hiring Bundle, JCMC sought a reference from Plaintiff.[8] Plaintiff informed JCMC that Bundle was subject to a non-compete agreement, and that it intended for Bundle to honor the terms on the covenant. Despite this, JCMC hired Bundle at its Richland, Onslow County, North Carolina location.[9]

8. Plaintiff alleges upon information and belief that Bundle has "solicited" and "diverted" patients from Plaintiff to JCMC. Since Bundle became employed with JCMC, 38 patients have left Plaintiff for JCMC.[10] Plaintiff alleges that Defendants' actions have caused it injury.[11]

---

[4] Compl. ¶¶ 7, 9, Ex. A ("Agreement") § 27.
[5] *Id.* ¶ 11.
[6] *Id.* ¶ 15.
[7] *Id.* ¶ 12.
[8] *Id.* ¶ 13.
[9] *Id.* ¶ 14.
[10] *Id.* ¶ 15.
[11] *Id.* ¶¶ 20, 26, 27.

Discussion

9. In the Motion, Defendants ask the Court to dismiss "[P]laintiff's complaint because the non-compete covenant at issue "is facially unenforceable as a matter of law."[12] The Motion does not expressly mention Plaintiff's other claims. In their reply, however, Defendants also indicate that they seek dismissal of Plaintiff's claims for breach of the non-solicitation agreement and for tortious interference. Also in their reply, Defendants argue that "through the evidence proffered at [the] injunction proceedings [Plaintiff] has conceded that it will not be able to allege or prove the reasonableness of the non-compete agreement."[13] At the time it decided the TRO and the preliminary injunction motions, the Court had the ability to consider information outside of the Complaint that was provided in the affidavits of the parties. Of course, the Court cannot consider such information in deciding a motion under Rule 12(b)(6), and is confined strictly to the allegations in the Complaint.[14]

10. In deciding a motion under Rule 12(b)(6), the Court treats the well-pleaded allegations of the complaint as true and admitted. *Sutton v. Duke*, 277 N.C. 94, 98 (1970). However, conclusions of law or unwarranted deductions of fact are not deemed admitted. *Id.* The facts and permissible inferences set forth in the complaint are to be treated in a light most favorable to the nonmoving party. *Ford v. Peaches Entm't Corp.*, 83 N.C. App. 155, 156 (1986). The Court also may consider contracts that are referenced in and put at issue in the complaint. *Coley v. N. Carolina Nat'l Bank*, 41 N.C. App. 121, 126 (1979). As our Court of Appeals has noted, the "essential question" raised by a Rule 12(b)(6) motion is "whether the complaint, when liberally construed, states a claim upon which relief can be granted on any

---

[12] Defs.' Mot. Dismiss 1.
[13] Defs.' Reply Supp. Mot. Dismiss 1-2.
[14] The Court recognizes that it could exercise its discretion to consider the previously filed affidavits, thereby converting the Motion into a motion for summary judgment pursuant to Rule 56. The Court declines to do so.

theory." *Barnaby v. Boardman*, 70 N.C. App. 299, 302 (1984), *rev'd on other grounds*, 313 N.C. 565 (1985) (citations omitted). A Rule 12(b)(6) motion should be granted when the complaint, on its face, reveals (a) that no law supports the plaintiff's claim, (b) the absence of facts sufficient to form a viable claim, or (c) some fact which necessarily defeats the plaintiff's claim. *Jackson v. Bumgardner*, 318 N.C. 172, 175 (1986).

*Covenant Not to Compete*

11.     In North Carolina, in order to state a claim for breach of a non-competition agreement, a Plaintiff is required to allege an enforceable agreement, breach thereof, and injury. *See McLamb v. T.P. Inc.*, 173 N.C. App. 586, 588 (2005). An enforceable non-competition covenant must be (a) in writing, (b) a part of the employment contract, (c) based on valuable consideration; (d) reasonable as to time and territory and (e) designed to protect a legitimate business interest. *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 402 (1983). Plaintiff clearly has alleged the first three of these elements. The only issue for decision is whether, at this early stage, Plaintiff has sufficiently alleged that the covenant was reasonable as to time and territory and designed to protect Plaintiff's legitimate business interests.

12.     Defendants do not argue that the two year non-competition covenant was unreasonable. In any event, such argument would not be persuasive, particularly at the Rule 12(b)(6) stage. North Carolina courts have routinely held that time restrictions on covenants not to compete of two years, and even longer, are "reasonable." *Precision Walls v. Servie*, 152 N.C. App. 630, 637 (2002); *see also Hartman v. W.H. Odell & Assocs.*, 117 N.C. App. 307, 315 (1994) (noting that our Supreme Court has recognized that, under certain circumstances, a five year covenant might be reasonable).

13.     In addition to showing a reasonable duration, an "employer must show that the [geographical] territory embraced by the covenant is no greater than necessary to secure

the protection of its business or good will." *Hartman*, 117 N.C. App. at 312 (citing *A.E.P.*, 308 N.C. at 408). The Court of Appeals has also recognized that, "[w]here the alleged primary concern is the employee's knowledge of the customers, 'the territory should only be limited to areas in which the employee made contacts during the period of employment.'" *Id.* at 313. Here, it appears that, as alleged, Plaintiff's primary concern was with Bundle's knowledge regarding its patients.[15]

14.     In analyzing the reasonableness of the geographic scope of a covenant not to compete, North Carolina courts generally consider the following six factors:

> (1) the area, or scope, of the restriction; (2) the area assigned to the employee; (3) the area where the employee actually worked or was subject to work; (4) the area in which the employer operated; (5) the nature of the business involved; and (6) the nature of the employee's duty and his knowledge of the employer's business operation.

*Hartman*, 117 N.C. at 312.

15.     The covenant at issue prohibits Bundle from working as a physician's assistant in Lenoir, Duplin, Jones, Greene, Onslow, and parts of Wayne County. The Complaint alleges only that Plaintiff had locations in Lenoir and Onslow Counties, but not Duplin, Jones, Greene, or Wayne Counties. The Complaint does allege, however, that Plaintiff is a "regional … medical practice engaged in the practice of medicine throughout Eastern North Carolina." Similarly, the Complaint alleges only that Bundle worked in Plaintiff's Onslow County location, but alleges that she had exposure to and interaction with "[Plaintiff's] patients." The Complaint does not, however, allege what counties Bundle's patients where from, that she was exposed to patients other than her own patients, or exposed to patients who were seen at locations other than Onslow County.[16] Accordingly, the allegations do not

---

[15] *See* Compl. ¶ 17 (alleging that, unless Bundle's actions were enjoined, Bundle will "continue to . . . solicit and take away patients from Plaintiff" and "threaten Plaintiff's ability to maintain its medical practice . . . and to maintain its business goodwill with existing patients . . . .").
[16] *Id.* ¶ 12.

expressly tie the geographic scope of the restriction to Plaintiff's legitimate business interests.

16. Ultimately, however, the Court concludes the allegations for breach of the non-competition agreement are minimally sufficient to survive dismissal at this stage. Plaintiff has alleged a legitimate business interest in protecting its patient base, and the geographical restrictions are at least loosely tied to its alleged "Eastern North Carolina" practice area in which Plaintiff alleges it operates. Moreover, nothing alleged in the Complaint indicates that the nature of Plaintiff's business or the nature of Bundle's duties while employed by Plaintiff make the non-competition agreement facially unenforceable under the remaining *Hartman* factors. While it appears that Plaintiff may have a difficult time ultimately prevailing on this claim, the Court concludes that Defendants' motion to dismiss Plaintiff's claim for breach of the covenant not to compete should be DENIED.[17]

*Non-solicitation Covenant*

17. In addition to including a covenant not to compete, the Agreement also contains a non-solicitation covenant. As noted above, the non-solicitation covenant restricts Bundle for two years from "inducing" or "solicit[ing]" Plaintiff's patients to "cease doing business with" Plaintiff. The restriction in this covenant is not limited to those patients of Plaintiff actually treated by Bundle, but appears to cover all of Plaintiff's patients regardless of from whom they received treatment.

---

[17] The covenant not to compete also arguably would prohibit Bundle from being "engage[d] as" a Physician's Assistant without regard to the type of medical practice involved. The allegations establish only that at the time Bundle was hired, Plaintiff provided services in internal medicine, primary care, family care, cardiology, gastroenterology, pulmonology, hematology and oncology. Compl. Ex. A. Accordingly, as written, the covenant would restrict Bundle from working at a medical practice that provides medical services that do not compete with the services offered by Plaintiff (e.g., orthopedics, OB/GYN, dermatology, ENT, etc.). Although the Court does not consider it dispositive at this stage, it appears that this restriction may be broader than necessary to protect the legitimate interests of Plaintiff.

18.     As this Court has recognized, the "elements are the same for non-competition and non-solicitation clauses, but the latter are more easily enforced, as their restraints on employees are generally more tailored and less onerous on employees' ability to earn a living." *Akzo Nobel Coatings, Inc. v. Rogers*, 2011 NCBC 41 ¶ 46 (N.C. Super. Ct. Nov. 3, 2011).

19.     As with the covenant not to compete, there is no dispute that the non-solicitation covenant was in writing, part of an employment contract, and supported by valuable consideration. Clearly, the covenant is tied to protecting a legitimate interest of Plaintiff in securing its patients from solicitation by other medical practices. *See id.* 2011 NCBC 41 ¶ 47.

20.     Bundle contends that the non-solicitation covenant is overly broad because it prohibits her from soliciting patients she never treated. However, Bundle also concedes that "Plaintiff may be able to plead (and prove) that the level of Ms. Bundle's interaction with all of its patients would support such a broad covenant."[18] In addition, the non-solicitation covenant does not directly impact Bundle's ability to work or even to treat former patients of Plaintiff, but only her ability to solicit Plaintiff's patients. Accordingly, the Court concludes that Defendant's motion to dismiss Plaintiff's claim for breach of the non-solicitation covenant should be DENIED.

*Tortious Interference with Contract*

21.     Defendant argues only that Plaintiff's claim for tortious interference with contract against JCMC should be dismissed if Plaintiff's claims for breach of the non-competition and non-solicitation covenants are dismissed. Since the Court denies the Motion

---

[18] Defs.' Reply p. 2.

as to Plaintiff's claims for breach of the covenants, Defendants' motion to dismiss Plaintiff's claim for tortious interference with contract against JCMC should similarly be DENIED.[19]

THEREFORE, IT IS ORDERED that:

22.    Defendants' Motion to Dismiss is DENIED.

This the 7th day of May, 2015.


/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
  for Complex Business Cases

---

[19] The Court notes that it also concludes that Plaintiff has sufficiently pleaded the elements of such a claim to survive a motion to dismiss pursuant to Rule 12(b)(6). *United Labs., Inc. v. Kuykendall*, 322 N.C. 643, 661, (1988).